Sorry for misspelled words, grammatical errors and [illegible] [illegible]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Anthony G. Bryant

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

City of Charleston

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. 2:19-cv-02304-MBS-MGB
*(to be filled in by the Clerk's Office)*

Jury Trial:  ☑ Yes  ☐ No
*(check one)*

RECEIVED
USDC CLERK, CHARLESTON SC
2019 AUG 15 PM 2:12

[scribbled out lines]

SEE ATTACHMENT
Void August 5, 2015

Bivens v. Six Unknown Narcotics
Agents
Habeas Corpus Flowers
v State of Mississippi
In Error

In the District Court of the United States

For the District of South Carolina

Charleston Division

RECEIVED
USDC CLERK, CHARLESTON, SC

2019 AUG -5 PM 1:46

Anthony G Bryant

    V

City of Charleston Police Department

I. The Parties to the Complaint

  A. Plaintiff

    Anthony G. Bryant Pro Se ( Non Prisoner)

    2123 Courtland Avenue

    Charleston South Carolina 29403

  B. Defendant

    1. City of Charleston Police Department

      Mayor John Teckelenberg

      80 Broad Street

      Charleston South Carolina 29401

    2. Charleston County Sheriffs Office

      Sheriff Al Cannon

      3901 Leeds Avenue

      North Charleston South Carolina 29405

    3. City of North Charleston Police Department

Page 2

    B. Charleston County Consolidated Schools

      75 Calhoun Street

      Charleston South Carolina 29401

      City of North Charleston Police

      2500 City Hall Lane

      North Charleston South Carolina 29406

    Town of Mount Pleasant Police

      100 Ann Edwards Lane

      Mount Pleasant 29464

    South Carolina Law Enforcement Division (SLED)

      4400 Broad River Road

      Columbia South Carolina 29210

II. Basis for Jurisdiction

    Federal Question  ( Asset Seizure )  ( Civil Rights)

Page 3

IIII Statement of Claim

Plaintiff Anthony G Bryant, proceeding pro se litigant non prisoner not a prisoner in error by this court under Graham v Riddle a 1971 case citing a prisoner within Virginia State Prison system requesting a food subsidy. Plaintiff filed based upon asset seizure under now Tyson Timbs v State of Indiana Rule 64.1 seizure of person and/or property or both by placing my social security number on a police report expose my person to deemed in error a Habeas Corpus under Supreme Court Rule 44.6 by certification that the grounds are limited to intervening circumstances of substantial or controlling effect or substantial grounds not previously presented Bryant v United States Department of Education and Bryant v United States Army Corp of Engineers these clear errors by sub recipients of federal financial assistance (Defendants) within Rule 83 Bryant v United States Department of Education labeled a person a " Domestic Abuser" in error and later a recalled warrant issued by South Carolina Public Safety year

1989 served by Charleston County Sheriff' Office April 2013 later City of Charleston , City of North Charleston, Town of Mount Pleasant , Charleston County Sheriff' Office and South Carolina Law Enforcement Division under jurisdiction of Office on Violence Against Women was in Error under Federal Trade Commission Charleston County Consolidated Schools placed my name within a police report and social security number under Identity theft under the defendants which are vendors and recipients of state and federal financial assistance under Internal Revenue Service and South Carolina Department of Revenue Rule 83 Biven Six Unknown Federal Bureau of Narcotics exposing a person in ERROR to Tyson Timbs v State of Indiana and/or worst Flowers v State of Indiana within the State of South Carolina with a Solicitor within Richland County under Rule RDI Attorney Convicted under Rule 64.01 under South Carolina Law Enforcement Division were many was in violation of Rule 64 seizure of person and property via Tyson Timbs v State of Indiana and lets not forget Graham v United States these ERRORs was cited within Bryant v United States Department of Education United States Court of Appeals under Rule 21(a) modification and correction under South Carolina Federal Court Rule 83 Report and Recommendation citing Graham V Riddle places my person to question the management and requested a performance audit due to error regarding the federal court since Reconstruction Acts based upon Flowers v State of Mississippi were white jurors was asked one question and African American asked over 20 questions and the African American was found guilty seizing of person and property is as old as the First Right Denied Congress and to deem my companies that was seized according to South Carolina Department of Revenue prior to Tyson v Timbs v State of Indiana by Defendants based upon June 23, 2010 letter citing local law enforcement with Federal Bureau of Investigations and Homeland Security after July 10, 2019 press conference supporting abuse of 12 local criminal rules since Bivens v Six Unknown federal narcotics agents and a request for a performance audit of local, county, and state court Flowers v State of Mississippi should insure sixth amendment , fourth amendment and eighth amendment are within full compliance under Rule 64 Seizure of person and property Rule 83 Fair Trial Directive.

*[Handwritten margin note top:]* Bivens v 6 Unknown A† Federal Bureau of Narcotics in

*[Handwritten margin note left:]* Tyson Timbs v State of Indiana

### 3. The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

*[Handwritten:]* over $350,000,000 punitive damages treble damages compensatory

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

*[Handwritten:]* SEE ATTACHMENT — Plaintiff files Supreme Court Rule 35 by City of Charleston violation of civil rights. Asset seizure of property in error. SEE void attachment

### IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

*[Handwritten:]* See attachment — Plaintiff lost v/a police report social security number business name given. SSY unknown asset 1997 Tyson Timbs v State of Indiana

In the Supreme Court of the United States

Anthony G Bryant

V                                                                                                    Case NO 18-8905

United States Army Corp of Engineers

Petitioner request under Rule 44 Rehearing of Case number 18-8905 Anthony G. Bryant v United States Army Corp of Engineers in compliance with Rule 39 in forma pauperis attached ten copies to each justice under Rule 12. Petitioner request rehearing under Rule 44.2 any petition for the rehearing for a writ of certiorari or extraordinary writ shall be filed 25 days after ruling by Supreme Court of the United States dated June 24, 2019 based upon a substantial or controlling effect or to other substantial grounds not presented within case. Petitioner cites case no 17-9572 Flowers v State of Mississippi. United States Court of Appeals for the Fourth Circuit overlooked under there Rules 10d supplemental records, modification, and correction based upon an error within United States Court of Appeals Rule 21(a) for Extraordinary writ in error Petitioner filed under civil rules not Habeas Corpus under United States District Court of South Carolina Local Rule 83 III Fair Trial Directives Charleston County South Carolina a public entity and recipient of federal financial assistance with the Justice Department , United States Attorney for South Carolina , Attorney General of the United States clear ERROR regarding controlling identifiers via Social Security Number and South Carolina Department of Health and Environmental Control birth identifier placed within South Carolina Courts exposing under federal jurisdiction of Federal Trade Commission violating First, Fourth , Sixth and Eighth Amendment abuse Sovereign Immunity within United States District Court of South Carolina Rule 83 Objection to Report and Recommendation . Petitioner under Internal Revenue Code 6109 referred to Justice Department in ERROR Homeland Security and United States Army Corp of Engineers clear ERROR under United States District Court of South Carolina under First Amendment 83 VIII 04 Successive Habeas Corpus Petition for South Carolina still is not in compliance with Homeland Security directive 2002 leading to ERROR United States District Court of South Carolina Rule 64.01 seizure of person or property within Richland County South Carolina were the Solicitor was prosecuted under Rule RD I Attorney Convicted of a Crime under Rule 83 VIII 02 Biven v Six Unknown Federal Bureau of Narcotics  Tyson Timbs v State of Indiana .

Anthony G Bryant

2123 Courtland Avenue

Charleston South Carolina 29403

V.  **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8/15, 2019

Signature of Plaintiff
Printed Name of Plaintiff   Anthony O. Bryant

B.  **For Attorneys**

Date of signing: _____, 20__.

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address
Telephone Number
E-mail Address

6

Page 4

IV   Relief

Plaintiff request that the Defendant pays punitive damages based upon ERROR causing lost of personal and business reputation do to the seizure of Assets in Error under Rule 64 deeming person Habeas Corpus in Error under Supreme Court Rule 44.6 abusing rule 29.3 timely service by United States Postal Service via abusing exemption supported by Federal Bureau of Investigations and Homeland Security letter June 23, 2010 Bryant v United States Department of Education, Bryant v Army Corp of Engineers, Bryant v United States Department of Interior.

V. Certification and Closing

Respectfully Submitted

*[signature]*

Anthony G Bryant (Pro Se Non Prisoner)

2123 Courtland Avenue

Charleston South Carolina 29403